**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4551**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS FERNANDO VASQUEZ-MARTINEZ, a/k/a Killer Bill, a/k/a Killer Beel, a/k/a Killer,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Deborah K. Chasanow, District Judge. (8:05-cr-00393-DKC-26)

Submitted: April 3, 2009                Decided: April 15, 2009

Before GREGORY and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

A. D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt, Maryland, for Appellant.  James M. Trusty, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Fernando Vasquez-Martinez ("Martinez") pled guilty pursuant to a plea agreement to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2006). His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but claiming Martinez received ineffective assistance of counsel prior to pleading guilty and prior to sentencing. Martinez was informed of the opportunity to file a pro se supplemental brief but chose not to do so. The Government moves to dismiss the appeal based on Martinez's appeal waiver in the plea agreement. We affirm in part and dismiss the appeal in part.

This court reviews the validity of an appeal waiver de novo, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Attar, 38 F.3d 727, 731-32 (4th Cir. 1994). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Generally, if a district court fully questions a defendant regarding his waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

2

In a valid plea agreement, a defendant may waive the right to appeal under 18 U.S.C. § 3742 (2006). See United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appeal waiver, however, does not preclude appeals: (1) of a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race; (2) from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel; or (3) concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). In addition, a waiver of appellate rights cannot foreclose a colorable constitutional challenge to the voluntariness of the guilty plea. See, e.g., Attar, 38 F.3d at 732-33 & n.2.

We find Martinez knowingly and voluntarily waived his right to appeal his sentence so long as it was based upon an offense level under the Sentencing Guidelines of thirty-eight or lower. Because his sentence was based on an offense level of thirty-six, we will grant the Government's motion, enforce the appeal waiver and dismiss the appeal from Martinez's sentence.

We find Martinez's ineffective assistance of counsel claims are not cognizable on direct appeal because the basis for his claims does not conclusively appear in the record. See United States v. James, 337 F.3d 387, 391 (4th Cir. 2003).

3

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal from the conviction.  We therefore affirm Martinez's conviction. This court requires counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review.  If he requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martinez.  Accordingly, we affirm in part and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>